The opinion of the Court was delivered by
MuNRO, J.
Two grounds are relied on to sustain the plaintiff’s motion, to set aside the non-suit granted on circuit.
1. That Sellick, as Ordinary, had a right to receive, and did receive the fund in question, and that his failure to pay it over is a breach of his official bond.
2. That Sellick, as Ordinary, received the fund colore officii.
*445 The argument in support of tbe first ground is, that upon the death of Calhoun, the executor of Beall’s will, the fund in question constituted the unadministered estate of the testator, consequently had become derelict by the death of the executor, and that Lesly, who was at that time the Ordinary of the district, by operation of law, had a right to receive it, and i'n fact took possession of it in his official capacity, as a derelict estate, and upon the expiration of his official term transferred it as such to Sellick, who was his successor in office.
In looking into the facts of the case, however, as exhibited in the testimony adduced upon the trial, so far from their sustaining the position contended for, they will be found to exhibit a condition of things in almost every particular, the very reverse.
To establish this, it is only necessary to refer to the petition of W. H. Calhoun, the executor of the estate of his father, James Calhoun, bearing date the 10th of December, 1844, and addressed to D. Lesly, Ordinary, in which the principal facts of the case are set forth. After referring to the provisions in Beall’s will, the administration of the estate by his father, the death of the latter, &c., the petitioner goes on to state, “ that he is desirous, and in fact is determined to give up the management of the estate of the said Mourning Roberts, as the representative, or executor of the estate of his father, the said James Calhoun, that there has been a settlement of the estate of the said Benjamin Beall, deceased, and of the interest which the said Mourning Roberts had therein, in the Ordinary’s Office in 1843, in which it was decreed to Mourning Roberts aforesaid, the sum of two thousand six hundred dollars, and the said Mourning having signified her desire and request in writing for you the said D. Lesly, as Ordinary, to take charge of her money as Ordinary or trustee, or as an estate derelict.”
This being the real condition of things as they existed in 1844, the time when the fund passed into the hands of Lesly, *446 namely, tbat Beall’s estate bad been fully administered tbe preceding year, and tbat tbe fund in question bad been decreed by tbe Ordinary to tbe plaintiff, as ber legacy under tbe will, — it is in vain now to attempt to fasten upon it tbe character of a derelict estate, in order to charge it upon tbe sureties to tbe official bond of tbe Ordinary.
Nay, more, it would be utterly to stultify all tbe parties to this proceeding, including tbe Ordinary to whom it was addressed, either to suppose tbat they were ignorant of tbe import of tbe language used in this petition, or tbat they could -expect to change tbe legal character of tbe transaction by merely designating the individual with whom tbe fund was deposited as Ordinary, and by calling it, “an estate derelict.”
From tbe plaintiff’s own showing, then, it is too clear to admit of a doubt, tbat long before tbe fund came into tbe bands of Lesly, tbe legal interest therein bad become vested in tbe plaintiff, consequently it bad ceased to be any longer a portion of Beall’s estate; this being tbe case then, there was no possible way in which Lesly could receive it in bis official capacity as Ordinary; on tbe contrary, tbe only way in which be could receive at all, was as a mere personal trust, for tbe due execution of which be was alone responsible to tbe plaintiff. If this view be correct, it follows as a necessary consequence, tbat tbe transfer of tbe fund by Lesly to Sellick partook of precisely the same character, and tbat tbe latter’s conversion of it to bis own use, was not a breach of bis official bond.
In reference to tbe second ground, that tbe fund was obtained from Lesly, by Sellick, by extortion under color of bis office, all tbat was relied upon, to bring Sellick within the purview of this grave offence was, tbat be bad threatened bis official predecessor with a suit, in tbe event of bis refusal to surrender tbe fund; but it is only necessary to refer to tbe definition of this offence, in tbe 4th Yol. of Black. Com., *447 p. 140, to see that something more than a mere threat to sue, is necessary to subject a public functionary to so grave an imputation.
Other views suggested by the facts of this case, might be presented, equally fatal to the plaintiff’s right to recover against these defendants; but we deem it sufficient to rest our judgment upon those already indicated.
The motion is therefore dismissed.
O’Neall, Whitstee, and GloveR, JJ., concurred.

Motion dismissed.